United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAN NUTH, et al.,

        Plaintiffs,

    v.

NEWREZ LLC, et al.,

        Defendants.

No.  23-cv-03476-WHA

**ORDER DENYING LEAVE TO
AMEND COMPLAINT**

## INTRODUCTION

In this FCRA and CCCRAA action, plaintiffs move for leave to amend their complaint to include a putative class claim.  To the extent stated herein, plaintiffs' motion is **DENIED**.

## STATEMENT

At its core, plaintiffs Sarah Nuth and Kevin O'Neill contend that defendant Shellpoint inaccurately reported plaintiffs' mortgage loan as past due despite plaintiffs making timely payments.  Plaintiffs further allege that Shellpoint failed to conduct a reasonable investigation in response to the disputed payment submitted to credit bureaus and Shellpoint.

This case arises out of plaintiffs' former home in Santa Rosa in Sonoma County, California.  In April 2011, plaintiffs obtained a personal home mortgage loan for their home in Santa Rosa, which was serviced by Shellpoint.  In late March 2020, plaintiffs suffered financial hardships and contacted Shellpoint for a payment accommodation.  Shellpoint agreed and sent plaintiffs a letter to confirm that three monthly payments from April to June 2020 were

deferred.  In May 2020, however, plaintiffs received a letter from Shellpoint stating that they were late on their mortgage payments and that "failure to bring your loan current may result in fees and foreclosure—the loss of your home" (Compl. ¶ 18).  That same month, Shellpoint agreed to defer eighteen monthly payments through September 2022.  A letter was sent to plaintiffs to confirm that the forbearance plan starting April 2020 had been extended and that plaintiffs "would not be penalized with a late payment charge or with a negative credit reporting if [they] miss a mortgage payment" (¶ 19).

In August 2021, Shellpoint sent plaintiffs a "streamlined modification letter" because plaintiffs' mortgage was "seriously delinquent" (¶ 20).  In the letter, Shellpoint offered a trial period plan for a permanent loan modification, which would require plaintiffs to make a payment each month from October to December 2021.  Plaintiffs made all three payments but allege that their monthly mortgage statement reflected one unapplied payment of an incorrect amount and a past due incorrect amount of $45,000 (¶¶ 21-22).  Later in 2021, Shellpoint reported the loan as past due for 90 days, which plaintiffs contend is inaccurate.  Plaintiffs observed a decrease in their credit score, allegedly due to Shellpoint's reporting.  Shortly thereafter, plaintiffs submitted a dispute to major credit bureaus regarding the reporting.  Those credit bureaus subsequently contacted Shellpoint for investigation (¶¶ 23-24).

In early 2022, plaintiff O'Neill tried purchasing a vehicle but was denied financing due to Shellpoint's credit reporting.  Both plaintiffs were planning to move and obtained a loan broker who advised them that they would not qualify for a loan because Shellpoint documented its loan as past due.  Plaintiffs then directly submitted a dispute to Shellpoint.  In July 2022, plaintiffs sold their home in Santa Rosa.  While they were eventually able to secure a loan for a new home, plaintiffs had to settle for a loan with a much higher interest rate; they attribute this difficulty and inability to qualify for a standard 30-year mortgage loan to Shellpoint's continuous, inaccurate reporting.

In July 2023, plaintiffs filed the original complaint, alleging that Shellpoint violated the FCRA, CCCRAA, and the Rosenthal Act.  Further, plaintiffs allege that defendants Experian, Equifax, and TransUnion, LLC, violated FCRA.  Plaintiffs now file the instant motion for

United States District Court
Northern District of California

leave to amend their complaint to add a putative class claim against Shellpoint only.  The

proposed class would be defined as follows:

> All persons in California who received an "accommodation" (as defined by the CARES Act) from Shellpoint and were current before the accommodation, and whose accounts were reported as delinquent or past due the month after or two months after the accommodation ended as a result of non-payments subject to the accommodation, during the relevant statute of limitations period.

(First Amd. Compl. ¶ 31).  Aside from Shellpoint, no other defendant filed an opposition.  This

order follows full briefing and oral argument.

## ANALYSIS

### 1.   LEGAL STANDARD

A district court should freely grant leave to amend "when justice so requires."  FRCP

15(a)(2).  "When considering whether to grant leave to amend, a district court should consider

several factors including undue delay, the movant's bad faith or dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party, and futility."  *Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir.

2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The instant motion was made prior

to the deadline to amend pleadings, as outlined by this action's case management order.

### 2.   *FOMAN* FACTORS

#### A.   Bad Faith

Defendants argue that plaintiffs make this motion to use a threat of a class action to

extract a premium settlement for the individual plaintiff (with nothing for the supposed class).

That would be an abuse but there has been no evidence, such as a threat letter, to substantiate

these arguments.

#### B.   Undue Delay and Undue Prejudice to Defendants

Although undue delay is part of the analysis in deciding whether leave to amend should

be granted, undue delay by itself is "insufficient to justify denying a motion to amend."  *Bowles

v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Furthermore, defendants bear the burden of

establishing undue prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.

1987).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Plaintiffs argue that this motion is not unduly delayed because three and a half months of fact discovery remained when the motion was filed.  Defendants argue that because plaintiffs do not add any new claims or theories of liability and merely add a putative class to their CCRAA claim, that plaintiffs' class action claims are unduly delayed.  Defendants also argue that all discovery conducted up until this point was completed with the assumption that plaintiffs only had individual claims.

Although plaintiffs' motion was filed before the deadline to amend the pleadings, this order agrees that the instant motion was unduly delayed and has prejudiced Shellpoint, given that discovery up until now has been conducted under the impression that plaintiffs were only proceeding with individual claims.  Nor have plaintiffs adequately justified the delay in adding a putative class at this stage in discovery. More importantly, this is not a routine amendment. Adding a class allegation would entail a significant enlargement of this action.  Unlike adding an individual party, including a class claim at this stage resembles an innumerable amount of putative class members intervening in this action.  This would run contrary to Rule 23 which seeks to prevent the haphazard intervention of a class instead of ruling on whether a class is to proceed "at an early practicable time" after a suit is filed.  FRCP 23(c)(1).

### C.    Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend. If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (internal quotation and citations omitted). The putative class would be defined as:

> All persons in California who received an "accommodation" (as defined by the CARES Act) from Shellpoint and were current before the accommodation, and whose accounts were reported as delinquent or past due the month after or two months after the accommodation ended as a result of non-payments subject to the accommodation, during the relevant statute of limitations period.

(First Amd. Compl. ¶ 31).  *First*, Shellpoint argues that the named plaintiffs are inadequate representatives because they live out of state and must travel to California for any depositions, future mediations, and settlement conferences.  *Second*, defendant argues that plaintiffs' amendment is futile because it would be time-barred; FCRA's and CCRAA have a statute of

4

limitations of two years and plaintiffs' dispute claims arose in October and November 2021 (Opp. at 13).

At oral argument, counsel on both sides assisted in the Court in understanding the legal issue that separates plaintiffs and Shellpoint: whether the CARES Act prohibits Shellpoint from reporting a borrower as past due to a credit reporting agency when the borrower had previously been on a forbearance plan and subsequently made partial payments pursuant to and as required by a trial modification plan, that were not the full payment amounts originally required. The judge could possibly see a more limited class action posing this legal issue as an issue class and a statutory damages class. This, however, is not the class proposed by plaintiffs, which was more unwieldly and more unmanageable and, at this late date, would not be allowed.

The class claim proposed by plaintiffs is further complicated by the relation back doctrine. This order assumes that plaintiffs are correct that each month that Shellpoint continued to inaccurately report a past due payment was a separate and distinct claim. Even so, those separate and distinct claims arising before the reach-back of the statute of limitations, as measured from the date the class claims were filed, would be time-barred unless those class claims are deemed to "relate back," meaning treated as if they had been filed all along in the original complaint. The relation-back doctrine is allowed if: (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff. *In re Syntex Corp Securities Litigation*, 95 F.3d 922, 935 (9th Cir. 1996).

Here, the original complaint gave no notice that there would eventually be class claims. In fact, the joint case management statement said it was not a class action. The original complaint set forth the legal basis and factual basis for the claims of our individual plaintiffs. While some of the same statutes would be involved in the class claims, the underlying facts would not necessarily be the same for the other putative class members—a variable

United States District Court
Northern District of California

5

compounded by the fact that this suit is against not only Shellpoint but against three credit reporting agencies who are one step removed.

By now, each defendant surely has tracked down the particulars regarding plaintiffs' specific case and how things went wrong (if they did) in this case.  But likely no defendant here investigated to learn the extent to which there was a class-wide, systemic problem.  Indeed, until this motion, no class had been defined or attempted to be defined.  Therefore, this order finds that the original complaint did not provide adequate notice of the factual basis for claims by anyone other than our individual plaintiffs.

That only means, however, that relation-back would be unavailable for purposes of the statute of limitations.  It does not necessarily mean that the amendment would not be allowed altogether.  Put differently, we could have a class seeking recovery for a period of time different from but substantially overlapping with the claim of the representatives (but on the same theory).

Given the delay, the unwieldy proposed class, and the prejudice to Shellpoint, the motion is **DENIED**.

### CONCLUSION

To the extent stated herein, plaintiffs' motion for leave to amend the complaint is **DENIED**.


**IT IS SO ORDERED.**


Dated:  May 23, 2024.


_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE